# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANGELA A. LAWSHE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:19-00035-JB-N |
| | ) |
| BABER'S INC., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATIONS

This action is before the Court on Defendant Baber's, Inc.'s ("Defendant's") Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 37 and 41 (Doc. 70). *Pro se* Plaintiff Angela A. Lawshe ("Lawshe") filed a response (Doc. 72) to which Defendant filed a reply (Doc. 73). The Court has referred the motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/7/2020 electronic referral). Upon consideration, the undersigned **RECOMENDS** that the Defendant's Motion to Dismiss be **GRANTED**.

## I. Factual Background

Throughout the course of this litigation, Lawshe has failed to comply with a substantial portion of the discovery process as well as several orders from the Court. Lawshe filed this lawsuit on January 28, 2019, initially proceeding *pro* se. (*See* Doc. 1). Lawshe then retained counsel on July 9, 2019 (Doc. 15) before Lawshe's counsel

was given leave to withdraw on March 24, 2020 (Doc. 45). The Court granted Lawshe over a month to retain new counsel. (Doc. 44). Lawshe did not retain new counsel and decided to again proceed *pro se*. (Doc. 40). After this change in representation, Lawshe failed to appear for her scheduled deposition on four separate occasions. (*See* Doc. 70, PageID.416, Doc. 73, PageID.446). Lawshe has yet to fully comply with Defendant's requests for production, despite assurances made before this Court during the status conference held on September 9, 2020. (Doc. 70, PageID.416). Lawshe offered incomplete answers to Defendant's interrogatories and has yet to remedy the deficiencies. (Doc. 70, PageID.416). The Court then ordered Lawshe to complete these responses while extending the deadline for her to do so. (Doc. 60). This deadline passed almost three months ago, and Lawshe has yet to comply with the Court's order. (Doc. 70, PageID.416). Lawshe's continued failure to cooperate during discovery has prompted Defendant to file five motions to compel. (Docs. 23, 25, 51, 52, and 66). While this case has been pending for almost two years, the parties are still in the early stages of discovery. (*See* Doc. 70, PageID.416–17)

In her response, Lawshe explains some of her discovery failures. In explaining her failure to appear at her second deposition, Lawshe cites having experienced COVID-19 symptoms shortly before the deposition was set to begin. (Doc. 72, PageID.443). As for her failure to appear at her third scheduled deposition, Lawshe cites "health issues and surgery," noting further that "she also lost her place to live, and has been staying with friends." (Doc. 72, PageID.443). Lawshe's response offers no justification for the other failures to comply with discovery discussed above.

## II. Legal Standard

Defendant's Motion to Dismiss (Doc. 70) cites Federal Rules of Civil Procedure 37(b), 37(d), and 41(b) as grounds for dismissing Lawshe's case with prejudice. Under Federal Rule of Civil Procedure 37(b), a party may move to dismiss an action if the opposing party "fails to obey an order to provide or permit discovery . . . ." Fed. R. Civ. P. 37(b)(2)(A)(v). Further, Rule 37(d) allows a party to move for sanctions when the opposing party "fails, after being served with proper notice, to appear for that person's deposition . . . ." Fed. R. Civ. P. 37(d)(1)(A)(i). The Court's "power to impose Rule 37 sanctions is broad. . . ." *Marshall v. Segona*, 621 F.2d 763, 766 (5th Cir. 1980).[1] The "draconian remedy of dismissal" is justified "in suitably 'extreme circumstances.'" *Id.* at 767 (quoting *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979).[2] "[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness [sic], bad faith or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). Dismissal may not be warranted when noncompliance is due to "a party's simple negligence, grounded in confusion or sincere misunderstanding of the Court's orders" or "where its deterrent

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued prior to October 1, 1981.

[2] Serious failures to comply with discovery generally qualify as "extreme circumstances" warranting dismissal pursuant to Rule 37(b). *See Jones v. Louisiana State Bar Association*, 602 F.2d 94, 97 (5th Cir. 1979) (affirming dismissal where plaintiff deliberately refused two orders to produce tape recording and notes which plaintiff posessed); *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979) (affirming dismissal where plaintiff refused to appear for deposition three times); *Emerick v. Fenick Industries, Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976) (affirming default judgment where defendant ignored three orders to produce documents).

value cannot be substantially achieved by use of less drastic sanctions." *Marshall*, 621 F.2d at 768. "Even pro se litigants are under an obligation to obey discovery orders." *Morton v. Harris*, 628 F.2d 438, 440 (5th Cir. 1980).

Defendant also cites Federal Rule of Procedure 41(b) in moving to dismiss Lawshe's action for her failure to follow Court orders relating to discovery. Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure], a defendant may move to dismiss the action or any claim against it." *See also Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). However, "a dismissal *with* prejudice . . . is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Id.* at 1337–38 (citations and quotation omitted). "Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Id.* at 1338. "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). However, *pro se* litigants who ignore court orders are subject to sanctions like any other litigant. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *Haji v. NCR Corp.*, No. 19-13507, 2020 WL 6891998, at *2 (11th Cir. Nov. 24, 2020).

## III. Discussion

Defendant's motion seeks the dismissal of Lawshe's claims with prejudice under both Rule 37(b) and 41(b) as well as an award of attorney's fees and costs under Rule 37(b)(2)(C). Each issue is addressed in turn.

*A. Dismissal with Prejudice Under Rules 37(b) and 41(b)*

Lawshe's conduct in this case merits dismissal of her claims with prejudice under both Federal Rules of Civil Procedure 37(b) and 41(b). Under a Rule 37(b) analysis, Lawshe's repeated failure to attend scheduled depositions and produce complete responses to Defendant's valid discovery requests qualifies as an "extreme circumstance" meriting dismissal. *See Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir. 1979) (affirming dismissal where plaintiff refused to appear for deposition three times). Lawshe's failure to comply with discovery goes beyond the range of conduct that typically merits the sanction of dismissal with prejudice. *Compare supra* Section I (outlining Lawshe's failure to comply with discovery), *with supra* note 2 (collecting cases where courts have found dismissal to be warranted as a sanction for discovery failures). Further, Lawshe failed to comply with the Court's order compelling discovery after granting her an extension. (*See* Doc. 60). This defiance of the Court, combined with Lawshe's lack of cooperation with the discovery process, merits a dismissal of Lawshe's case with prejudice under Rule 37(b).

Lawshe's same discovery failures and defiance of Court orders also qualify as "willful contempt" meriting dismissal under Rule 41(b). *Compare supra* Section I

(outlining Lawshe's failure to comply with discovery or Court orders), *with Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1375 (11th Cir. 1999) (quotations omitted) (affirming dismissal of claims with prejudice under Rule 41(b) where plaintiff repeatedly flouted discovery rules and ignored the court's orders). Lesser sanctions, like striking pleadings or limiting Lawshe's introduction of designated matters into evidence, will not suffice given Lawshe's numerous failures to follow discovery procedures and the resulting prejudice Defendant has suffered in defending this case. (*See* Doc. 70, PageID.417). The Court has given Lawshe several opportunities to remedy past failures to comply with discovery deadline: she was afforded time to find new counsel after her former counsel withdrew (Doc. 44); she was given an opportunity to explain why she missed a deadline set the by Court (Doc. 56); and finally, the Court granted Lawshe more time to comply with a previously missed discovery deadline, while also ordering her to comply with discovery (Doc. 60).

While Lawshe cites difficult life circumstances in explaining her discovery failures to this point (Doc. 72, PageID.443), her failure to take advantage of the multiple opportunities offered to her by the Court to remedy each discovery omission demonstrates that future opportunities to meaningfully prosecute this case will be just as fruitless. The Court warned Lawshe of the exact sanctions she now faces at the status conference held on September 9, 2020 to no avail. Accordingly, the undersigned **RECOMMENDS** that Defendant's motion to dismiss Lawshe's claims under Rules 37(b) and 41(b) be **GRANTED**, and Lawshe's claims be **DISMISSED with prejudice**.

*B. Attorney's Fees and Costs Under Rule 37(b)(2)(C)*

In addition to seeking the dismissal of Lawshe's claim, Defendant also requests an award of all attorney's fees and costs associated with bringing the present motion. (Doc. 70, PageID.419, Doc. 73. PageID.450). Rule 37(b)(2)(C) sets out the following framework for awarding attorney's fees and costs:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).[3]

This Rule "places an obligation on the Court to impose sanctions unless there is affirmative reason for not so doing." *Bosworth v. Record Data of Maryland, Inc.*, 102 F.R.D. 518, 520 (D. Md. 1984) (addressing an earlier—but substantively identical—version of Rule 37(b)(2)(C)). Some courts have found that the financial indigency of the disobedient party may excuse an otherwise mandatory award of attorney's fees and costs. *See EEOC v. Otto*, 75 F.R.D. 624, 628 (D. Md. 1976) (considering the disobedient party's financial resources as one of several factors in concluding that an award of expenses was not appropriate); *Harlem River Consumers Co-op., Inc. v. Associated Grocers of Harlem, Inc.*, 64 F.R.D. 459, 467 (S.D.N.Y. 1974) (refusing to award attorney's fees and costs where the disobedient party was a non-profit corporation with uncertain financial health). Other courts have found a

---

[3] Rule 37(d) sets out a similar framework for an award of fees and costs when a party fails to attend a properly noticed deposition. Fed. R. Civ. P. 37(d).

7

disobedient party's indigency did not merit excusing the award of fees and costs. *See Toner v. Wilson*, 102 F.R.D. 275, 276 (M.D. Pa. 1984) (granting an award of attorney' fees and costs against a *pro se* litigant—despite his indigency—that had frequently filed frivolous claims while proceeding *in forma pauperis*); *Bosworth*, 102 F.R.D. at 521 (granting an award of attorney's fees and costs against an indigent litigant that failed to show up to a deposition, repeatedly failed to comply with discovery, and disobeyed a court order).

Defendant is entitled to an award of attorney's fees and costs. While Lawshe's financial hardships (*see* Doc. 72, PageID.443) weigh against such an award, they do not outweigh her frequent failure to comply with discovery or the Court's orders. Further, Defendant has been substantially prejudiced by these failures in both struggling to prepare a defense to this action as well as incurring legal costs to compel Lawshe's compliance with discovery. (*See* Doc. 70, PageID.417, Doc. 73, PageID.448). Accordingly, the undersigned **RECOMMENDS** that Defendant's request for an award of attorney's fees and costs pursuant to Rules 37(b)(2)(C) and 37(d) be **GRANTED** as to entitlement to such fees and costs, with briefing on the amount and reasonableness of such fees and costs to be set following disposition of the motion to dismiss.

### IV. Conclusion

Therefore, in accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that Defendant's Motion to

Dismiss (Doc. 70) be **GRANTED**, and that:

- Lawshe's claims against the Defendants in this action be **DISMISSED with prejudice** under Federal Rules of Civil Procedure 37(b) and 41(b) and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58;

- Defendant's request for an award of attorney's fees and costs pursuant to Rules 37(b)(2)(C) and 37(d) be **GRANTED** as to entitlement to such fees and costs, with briefing on the amount and reasonableness of such fees and costs to be set following disposition of the motion to dismiss;

- The following motions be declared **MOOT**: Docs. 51, 52, 63, and 66.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing

to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 8th day of December 2020.

                                              */s/ Katherine P. Nelson*
                                              **KATHERINE P. NELSON**
                                              **UNITED STATES MAGISTRATE JUDGE**