# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANGELA A. LAWSHE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 1:19-00035-JB-N |
| | ) |
| BABER'S INC., | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant Baber's, Inc.'s ("Defendant's") filing of a sworn accounting of its attorney's fees and costs incurred as a result of *pro se* Plaintiff Angela A. Lawshe's ("Lawshe's") discovery failures (Doc. 80). The Court previously adopted the undersigned's Report and Recommendation that Lawshe be required to pay Defendant's reasonable attorney's fees and costs as a sanction for her discovery failures pursuant to Federal Rule of Civil Procedure Rule 37(b). (Doc. 78). The Court has referred the matter to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (2/24/2021 electronic referral). Defendant was ordered to submit a sworn and itemized statement of its fees and costs by January 26, 2021, and Lawshe was given until February 16, 2021 to file a response. Defendant submitted a sworn and itemized statement on January 25, 2021 and, to date, Lawshe has not filed an objection. Upon consideration, the undersigned

**RECOMMENDS** that Defendant be awarded $4,991.32 as a sanction against Lawshe for her discovery failures.

## I. Legal Standard

Generally, "[t]he starting point for calculating a reasonable attorney's fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorney's services. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). To make this determination, the district court should consider the relevant factors among the twelve factors identified in *Johnson v. Georgia Highway Express, Inc.*[1] *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Johnson*, 488 F.2d 714, 717–719 (5th Cir. 1974)). The product of these two numbers is referred to as the "lodestar" and there is a strong presumption that the lodestar represents a reasonable fee. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552 (2010). "Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Those that oppose a fee application must present objections and

---

[1] The Fifth Circuit instructed the district court to consider, on remand, the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment caused by accepting the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the attorney's experience, reputation, and ability; (10) the "undesirability of the action; (11) the nature and length of the relationship between the attorney and client; and (12) awards in similar cases. 488 F.2d 714, 717–19.

2

proof that are specific and "reasonably precise" concerning hours that they assert should be excluded." *Id.* (citation omitted).

After calculating the lodestar, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors." *Assoc. of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006). The presumption that the lodestar is reasonable "may be overcome" and the lodestar enhanced "in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue*, 559 U.S. at 554 (citations omitted). The fee applicant "must produce specific evidence" that the "enhancement was necessary to provide fair and reasonable compensation." *Perdue*, 559 U.S. at 553 (citations omitted).

Although the "*Johnson* factors are to be considered in determining the lodestar figure; they should not be reconsidered in making either an upward or downward adjustment to the lodestar — doing so amounts to double-counting." *Bivins*, 548 F.3d at 1349 (citing *Burlington v. Dague*, 505 U.S. 557, 562–563 (1992); *Perdue*, 559 U.S. at 553 ("an enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation."); *Barnes v. Zaccari,* 592 F. App'x 859, 871 (11th Cir. 2015) (citing *Bivins*, 548 F.3d at 1349).

## II. Discussion

Under the framework established above, the undersigned will determine the appropriate lodestar in this case as well as the other reasonable costs imposed by Lawshe's discovery failures.

3

A. Reasonable Hourly Rate

First, the Court must determine whether Defendant's claimed hourly rate is reasonable. The reasonable hourly rate is generally "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–896 n. 11 (1984); *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "relevant market" is the "place where the case is filed." *American Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 437 (11th Cir. 1999) (citation and internal quotation marks omitted). The fee applicant "bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299.

In determining a reasonable hourly rate, *Johnson* factors three and nine—"the skill requisite to perform the legal service properly" and "the attorney's experience, reputation and ability"—may be considered. Further, although the Court does not give controlling weight to prior awards, those awards are relevant and instructive in determining whether the "requested rate is in line with prevailing market rates" in this judicial district for attorneys of reasonably comparable skill, experience, and reputation to that of the attorney seeking an award of fees. *Norman*, 836 F.2d at 1299. Also, the Court is familiar with the prevailing rates in this district and may rely upon its own "knowledge and experience" to form an "independent judgment" as to a reasonable hourly rate. *Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994)

(citing *Norman*, 836 F. 2d at 1303); *see also Ibezim v. GEO Grp., Inc.*, 786 Fed. Appx. 975, 976–77 (11th Cir. 2019) ("As for assessing the reasonableness of attorney's fees, the district court is qualified to make this decision based on its years of experience.").

In this case, Defendant retained attorney Colin D. Sherman at a rate of $210 per hour to defend against Lawshe's discrimination claim. (*See* Doc. 80-1, PageID.477). Mr. Sherman has been practicing law for approximately 26 years. (Doc. 80-1, PageID.476). While Defendant has not offered evidence of prior awards or affidavit opinions of the prevailing market rates, the Court is familiar with the prevailing rates in this district and finds the rate to be reasonable in this case.[2]

B. Hours Reasonably Expended

Next, the Court must determine the hours reasonably expended on the litigation. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A district court should not allow any hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (emphasis omitted). To determine the hours reasonably expended, the Court may consider the

---

[2] "[W]here documentation or testimonial support is lacking, the court may make the award on its own experience." *Coastal Fuels Mktg., Inc. v. Fla. Exp. Shipping Co.*, 207 F.3d 1247, 1252 (11th Cir. 2000); *Engeling v. Bashlin Indus., Inc.*, 2019 WL 3757784, at *1 (N.D. Ga. Feb. 7, 2019) ("Where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing." (quoting *Norman*, 836 F. 2d at 1303)).

5

first and second *Johnson* factors: the time and labor required and the novelty and difficulty of the question.

Defendant's counsel reports he spent 29.7 hours in preparing for Lawshe's depositions (which she failed to attend) and seeking to compel Lawshe's discovery compliance. (Doc. 80-1, PageID.479). The undersigned has reviewed the accounting submitted by Defendant's counsel and most of the time appears to be reasonably incurred. The undersigned finds only two adjustments are necessary. First Defendant's counsel reports spending 4.2 hours drafting a motion to compel Lawshe's initial discovery responses, but 2.1 hours would be more reasonable given counsel's extensive legal experience and the straightforward nature of the case. Second, Defendant's counsel reports spending 12.4 hours preparing for Lawshe's initial deposition, but 6.2 hours would be more reasonable without evidence that Lawshe's deposition required preparation beyond what is normal in a straightforward discrimination case. Defendant's other reported hours are reasonable. Accordingly, the undersigned finds that 21.4 hours were reasonably expended by Defendant's counsel as a result of Lawshe's discovery failures.

C. Calculating the Lodestar

With the reasonable hourly rate and hours expended determined, the Court can calculate the lodestar. The Court has determined that Defendant is entitled to an hourly rate of $210 per hour for the services performed by Defendant's counsel and that counsel reasonably expended 21.4 hours to remedy Lawshe's discovery failures

6

in this action. Accordingly, the lodestar is $4,494. The parties have offered no reason to adjust the lodestar to reach a more appropriate attorney's fee. Accordingly, the Court finds that the lodestar amount is reasonable.

D. Other Costs

Defendant also seeks to recover its costs incurred as a result of Lawshe's discovery failures. Rule 37(b) provides that the Court must order the party failing to comply with discovery orders to pay for the opposing party's "reasonable expenses" caused by the failure. Fed. R. Civ. P. 37(b)(5). Here, Defendant explains that it incurred $497.32 in court reporter costs as a result of Lawshe's late cancellations of or failure to attend her depositions. (Doc. 80-1, PageID.480–83). The undersigned finds that these costs are reasonable and stemmed from Lawshe's discovery failures.

## III. Conclusion

Therefore, in accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that Defendant be awarded $4,991.32 in reasonable attorney's fees and costs as a sanction for Lawshe's discovery failures.

**DONE** this the 3rd day of March 2021.

>   */s/ Katherine P. Nelson*
>   **KATHERINE P. NELSON**
>   **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.